ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| ISLAND PORTFOLIO SERVICES, LLC.<br><br>Apelante<br><br>V.<br><br>JESÚS M. CRUZ CUADRADO<br><br>Apelado | TA2026AP00469 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: AB2026CV00014<br><br>Sobre: Cobro de dinero; Regla 60 de Procedimiento Civil |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece Island Portfolio Services, LLC (IPS o apelante), como agente de Luna Chica, LLC (Luna), y solicita la revisión de una *Sentencia* emitida el 17 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI).[1] En dicho dictamen, el foro primario desestimó sin perjuicio la reclamación incoada contra el señor Jesús M. Cruz Cuadrado (señor Cruz Cuadrado o apelado), tras concluir que IPS carecía de interés en el pleito por su incomparecencia a la vista de cobro de dinero.

Por los fundamentos que se exponen a continuación, se revoca el dictamen apelado.

**I.**

Este caso tuvo su origen el 29 de enero de 2026, cuando IPS presentó una *Demanda* de cobro de dinero al amparo de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V, contra el señor Cruz Cuadrado.[2] Alegó que el apelado adeudaba $3,309.10 por el principal de un préstamo personal, cuyos derechos, títulos e intereses fueron cedidos a Luna. Adujo que la deuda era líquida, exigible e

---

[1] Entrada Núm. 7 del caso AB2026CV00014 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 18 de marzo de 2026.
[2] *Íd.*, Entrada Núm. 1.

insatisfecha, pese a múltiples requerimientos, por lo que reclamó su pago e informó su intención de interrogarlo durante la vista.

Posteriormente, el 3 de febrero de 2026, el TPI ordenó expedir la citación-notificación para la vista por videoconferencia pautada para el 17 de marzo de 2026, a las 9:30 a.m.[3] Así las cosas, el 5 de febrero de 2026, la Secretaría expidió la *Notificación y Citación sobre Cobro de Dinero* dirigida al apelado.[4]

El 17 de marzo de 2026, el foro primario emitió una *Sentencia* mediante la cual desestimó el pleito sin perjuicio, tras concluir que IPS carecía de interés en su reclamación, debido a que dicha parte ni su representante legal comparecieron a la vista señalada.[5] Consignó que las gestiones realizadas entre las 9:25 a.m. y 9:46 a.m. para identificar a su representante resultaron infructuosas.

Inconforme, el 6 de abril de 2026, IPS solicitó reconsideración.[6] Planteó que su representante legal se conectó oportunamente a la sala virtual en *Zoom* desde las 9:15 a.m., conforme a las instrucciones remitidas el 5 de febrero de 2026, pero no obtuvo acceso, al permanecer en pantalla el mensaje *"waiting for host to start meeting"*.

Añadió que el TPI tenía veinticinco (25) casos calendarizados para la misma fecha y hora,[7] con enlaces distintos, lo que impedía conocer el orden en que serían llamados los asuntos. Señaló que, pese a mantenerse disponible, la vista se celebró sin la participación de la abogada, quien llamó a la sala a las 9:49 a.m. para indagar sobre la falta de acceso. Indicó que se le informó que todos los casos de las 9:30 a.m. habían sido llamados, que se cumplió con el debido

---

[3] *Íd.*, Entradas Núm. 2 y 3. Notificadas el 5 de febrero de 2026.
[4] *Íd.*, Entrada Núm. 4.
[5] *Íd.*, Entrada Núm. 7. Notificada el 18 de marzo de 2026.
[6] *Íd.*, Entrada Núm. 8.
[7] AB2026CV00014; AB2026CV00020; CG2026CV00168; CG2026CV00197; CG2026CV00203; CG2026CV00210; CG2026CV00271; CG2026CV00278; CG2026CV00286; CY2026CV00041; CY2026CV00048; CY2026CV00054; CY2026CV00060; CY2026CV00068; CY2026CV00074; GR2026CV00013; GR2026CV00019; GR2026CV00026; JU2026CV00018; JU2026CV00044; JU2026CV00050; SL2026CV00017; SL2026CV00023; SL2026CV00029 y SL2026CV00036. Véase, anejos presentados junto a Moción Informativa Sometiendo Documentos de 14 de abril de 2026. Apéndice Núm. 10.

proceso de ley y que no se había notificado la sustitución de los abogados de récord.

IPS precisó que, según las respectivas sentencias, veintitrés (23) casos fueron atendidos a las 9:46 a.m., uno a las 9:48 a.m. y otro a las 9:50 a.m. Manifestó que su caso se llamó a las 9:50 a.m., luego de la comunicación telefónica con el TPI, por lo que no podía imputársele falta de interés si no se le permitió acceder a la vista. Esgrimió que se le privó de acceso al foro judicial y de la oportunidad de ser oído, en contravención al debido proceso de ley. Afirmó que la desestimación fue improcedente, al no mediar abandono, desinterés, apercibimiento previo ni oportunidad de corregir la situación.

En igual fecha, el foro *a quo* denegó la reconsideración.[8] Expresó que esperó más de veinte (20) minutos y que la secretaria jurídica realizó gestiones para identificar la representación legal que comparecería. Añadió que el apelante no podía alegar falta de acceso a la sala virtual cuando no compareció en ningún momento.

Aún inconforme, el 7 de mayo de 2026, IPS presentó este recurso, en el que formuló el siguiente señalamiento de error:

> INCIDIÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO DE EPÍGRAFE SIN ANTES CONSIDERAR LA POSICIÓN DE LA PARTE DEMANDANTE, APLICANDO ASÍ LA SANCIÓN MÁS SEVERA.

El apelante sostuvo que el TPI erró al imponer la sanción más severa de desestimación por alegada falta de interés, sin concederle oportunidad de ser oído. Reiteró que su representación legal se conectó desde las 9:15 a.m. al enlace provisto, pero que no tuvo acceso a la sala virtual cuyo control correspondía exclusivamente al TPI. Alegó que no surgía que el foro verificó si el enlace provisto funcionaba adecuadamente, pese a que pautó veinticinco (25) casos para la misma fecha y hora con enlaces distintos. A su juicio, esa logística impedía conocer el orden de llamada y colocó a su abogada

---

[8] *Íd.*, Entrada Núm. 9. Notificada el 7 de abril de 2026.

en una posición de incertidumbre ajena a su control, al tener que escoger, al azar, a cuál enlace conectarse, creando un escenario confuso. Añadió que esta estuvo disponible para la vista, pero no podía anticipar qué caso sería llamado primero.

IPS destacó que atender veinticinco (25) casos a la misma hora resultaba incompatible con una adjudicación individualizada de los casos. Además, afirmó que, aunque a las 9:49 a.m. se informó que todos los casos de las 9:30 a.m. habían sido atendidos, su caso se llamó a las 9:50 a.m., lo que evidenciaba inconsistencias en la información provista por la sala. Arguyó que exigirle adivinar cuál enlace utilizar condicionó su acceso al tribunal a una contingencia aleatoria y a un ejercicio arbitrario de la discreción judicial, incompatible con el debido proceso de ley. Por ello, solicitó la revocación de la *Sentencia* apelada y un nuevo señalamiento de vista.

El 11 de mayo de 2026, este foro apelativo concedió al señor Cruz Cuadrado un término para presentar su alegato. Transcurrido en exceso dicho término sin su comparecencia, resolvemos sin el beneficio de su posición.

**II.**

**Desestimación como sanción en la litigación civil**

Un tribunal tiene el deber de procurar la tramitación de los casos sin dilaciones indebidas y garantizar que las partes tengan su día en corte. *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807 (1986); *Maldonado v. Srio. Rec. Naturales*, 113 DPR 494 (1982). Para ello, puede sancionar el incumplimiento de sus órdenes, incluso mediante la desestimación.[9] *HRS Erase v. CMT*, 205 DPR 689 (2020); *Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016 (2011). No obstante, esa facultad debe ejercerse de forma juiciosa y apropiada, conforme a los criterios de justicia, ya que una sanción injusta constituye

---

[9] En su acepción más amplia, la desestimación comprende todo pronunciamiento judicial que resuelva un pleito desfavorablemente para el demandante. Hernández Colón, *op. cit.*, pág. 411.

abuso de discreción. *Maldonado v. Srio. Rec. Naturales*, *supra*; *Mitsubishi Motor v. Lunor y otros*, 212 DPR 808 (2023); *VS PR, LLC v. Drift-Wind*, 207 DPR 253 (2021); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

Como norma, procede imponer la sanción menos severa que encauce el proceso. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, LexisNexis, 2017, pág. 252. Cuando la sanción dispone del caso, como la desestimación, su imposición debe ser excepcional y precedida por la evaluación de: la política pública a favor de adjudicar los casos en sus méritos; la disposición justa, rápida y económica del litigio; la intención y el conocimiento de la parte sancionada sobre las consecuencias de su conducta; su grado de responsabilidad; los méritos e importancia de la reclamación; el impacto sobre las partes y el interés público, y la disponibilidad de sanciones menos severas. *Íd.*, págs. 253-254.

En lo pertinente, la Regla 39.2(a) de Procedimiento Civil, *supra*, dispone:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.
>
> Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

Ese orden de prelación debe observarse rigurosamente antes de desestimar. *Mitsubishi Motor v. Lunor y otros, supra.* Primero, debe apercibir a la representación legal y, de ser necesario, imponerle

sanciones. *Íd.*; *HRS Erase v. CMT, supra*; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288 (2012); *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217 (2001). Si ello resulta infructuoso, corresponde notificar directamente a la parte para constatar que conoce la situación y las consecuencias de no corregirla. *Íd.*

Solo ante la persistencia del incumplimiento, y luego de que otras medidas resulten ineficaces, procede la desestimación. *Íd.* Por tratarse de un remedio drástico, contrario a la política pública de adjudicar los casos en sus méritos, solo debe imponerse en circunstancias extremas, cuando la desatención o el abandono de la parte sea claro e inequívoco. *Íd.* Por ello, se ha descrito como la sanción máxima o *pena de muerte procesal*, cuyo uso desmesurado puede frustrar el fin primordial de un tribunal: impartir justicia. *VS PR, LLC v. Drift-Wind, supra*; Hernández Colón, *op. cit.,* pág. 250; *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714 (2009).

### III.

En su único señalamiento de error, IPS sostuvo que el TPI incidió al desestimar su reclamación de cobro de dinero por su incomparecencia a una vista por videoconferencia, sin antes considerar su explicación ni cumplir con el trámite dispuesto en la Regla 39.2(a) de Procedimiento Civil, *supra*. Planteó que el foro a quo impuso desde el primer incidente la sanción más severa, a pesar de que del expediente no surgía una conducta clara e inequívoca de abandono, desinterés o incumplimiento contumaz. Le asiste la razón.

La desestimación de un caso debe reservarse para situaciones extremas en las que quede demostrado, de forma clara e inequívoca, abandono, desinterés real o craso incumplimiento con las órdenes judiciales. Aunque el foro primario conserva autoridad para dirigir sus procedimientos y exigir cumplimiento con sus órdenes, esa discreción debe ejercerse conforme a criterios de razonabilidad,

proporcionalidad y debido proceso de ley. Antes de desestimar, el TPI debe agotar el trámite de apercibimientos y medidas menos severas.

Ese estándar no se satisfizo en este caso. Del expediente no surgió base suficiente para concluir que IPS carecía de interés en la tramitación de su reclamación. Por el contrario, había instado una acción de cobro de dinero y, previo a la vista, notificó su intención de interrogar al apelado. Esa actuación era incompatible con la inferencia de abandono que sirvió de fundamento a la *Sentencia* apelada. Por tanto, el TPI se apartó del ejercicio razonable de su discreción al disponer del pleito sobre la única base de una alegada incomparecencia a una vista virtual, sin otros hechos demostrativos de falta de interés en la causa de acción.

El planteamiento de IPS en reconsideración incidía directamente sobre el fundamento del dictamen apelado. Expuso que su representación legal se conectó desde las 9:15 a.m. al enlace provisto por el tribunal, permaneció en espera y no obtuvo acceso a la sala virtual. Además, indicó que el TPI citó veinticinco (25) casos para la misma hora, con enlaces distintos, lo que podía generar incertidumbre sobre el orden de los señalamientos. También destacó que su abogada llamó a la sala antes de que el caso fuera llamado y que, aun así, se le informó que todos los casos habían sido atendidos, pese a que el suyo fue llamado posteriormente. Esa circunstancia impedía inferir abandono, desinterés o incumplimiento contumaz sin examinar con mayor rigor la alegada incomparecencia.

El TPI no podía presumir desinterés ni recurrir de inmediato a la sanción más severa. La Regla 39.2(a) de Procedimiento Civil, *supra,* exige apercibir primero a la representación legal, conceder oportunidad para explicar lo ocurrido y considerar medidas menos drásticas. Solo si esas medidas resultaban ineficaces, y luego de notificar directamente a la parte sobre la conducta atribuida a su

representante legal y sus posibles consecuencias, podía contemplarse la desestimación. Ese trámite no fue observado.

En estas circunstancias, la sanción impuesta fue desproporcionada. Frente a un primer incidente procesal, el foro primario debía evaluar la explicación ofrecida, apercibir si procedía, imponer una sanción menor o señalar una nueva vista. Al disponer del caso sin esas salvaguardas y sin constatar un abandono claro e inequívoco, el TPI abusó de su discreción, privó a IPS de acceso efectivo al foro y se apartó de la normativa reiterada por nuestro ordenamiento jurídico, frustrando así el fin primordial de los tribunales: impartir justicia. El hecho de que el pleito fue instado bajo el procedimiento contemplado en la Regla 60 de Procedimiento Civil, *supra*, no incide en el resultado alcanzado.

Por tanto, procede revocar la *Sentencia* apelada a los fines de dejar sin efecto la desestimación. Se devuelve el caso al foro primario para que señale nuevamente la vista de cobro de dinero y continúe los procedimientos conforme a derecho.

**IV.**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada. Se devuelve el caso al TPI para la continuación de los procedimientos, de conformidad con lo aquí dispuesto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
